**"N" STREET FOLLIES LIMITED PARTNERSHIP, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

**No. 92–AA–5.**

District of Columbia Court of Appeals.

Argued Feb. 24, 1993.

Decided March 26, 1993.

---

**62**

Mark E. Brodsky, Washington, DC, for petitioner.

Mary L. Wilson, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, and Susan S. McDonald, Asst. Corp. Counsel, Washington, DC, were on the brief, for respondent.

Before FERREN and KING, Associate Judges, and MACK, Senior Judge.

KING, Associate Judge:

Petitioner is the owner of a 20–unit building at 1755 N Street, N.W. One of the tenants renting a unit in petitioner's building, after being served with a 30–day notice to vacate on February 9, 1989, challenged the notice, alleging that it violated the Rental Housing Act of 1985, D.C.Code §§ 45–2501 to 45–2594 (1990) ("the Act"). The Rental Accommodations and Conversion Division of the District of Columbia Department of Consumer and Regulatory Affairs ("RACD") held a hearing, in which petitioner alleged that its building was not a "housing accommodation," as defined in D.C.Code § 45–2503(14) (1990), and that the Act's regulations were therefore not applicable.

RACD concluded that from May 20, 1980, until early 1982, the property in question was not being used as a housing accommodation, and therefore the property was excluded from the Act's coverage during that period. RACD also found, however, that petitioner failed to establish that the property had a current transient use, and ruled that the property presently fell within the definition of a housing accommodation. RACD then determined that petitioner was in violation of the Act for failing to properly register the property, D.C.Code § 45–2515, and for issuing a 30–day notice to vacate instead of the required 90–day notice, D.C.Code § 45–2551(d). RACD also concluded that because petitioner's violations were not committed "willfully," petitioner would not be subject to a fine.[1] The Rental Housing Commission ("the Commission") affirmed the decision and order of RACD, concluding that petitioner had failed to establish that the current use of the premises excluded petitioner from coverage under the Act.

Petitioner's main claim in this court is that the Commission's construction of D.C.Code § 45–2503(14) is "unreasonable and clearly erroneous as a matter of law."[2] We disagree and therefore affirm.

---

1. RACD concluded, however, that petitioner "knowingly" violated the Act because petitioner "knew or should have known that the subject property was improperly registered and that the 30–day notice to vacate was invalid, and that this conduct constitutes a violation of the Act."

2. Petitioner's additional claims are meritless. Because we hold, *infra,* that the agency's inter-

pretation of the statute is reasonable, we reject petitioner's claim that its due process rights were violated by the Commission's "unreasonable" interpretation of the statute. We also reject petitioner's contention that the Commission's interpretation is inconsistent with the purposes and intent of the Act.

The Act defines a "housing accommodation" as

[a]ny structure or building in the District containing 1 or more rental units and the land appurtenant thereto. The term "housing accommodation" does not include any hotel or inn with a valid certificate of occupancy or any structure, including any room in the structure, used primarily for transient occupancy and in which at least 60% of the rooms devoted to living quarters for tenants or guests were used for transient occupancy as of May 20, 1980. For the purposes ·of this chapter, a rental unit shall be deemed to be used for transient occupancy only if the landlord of the rental unit is subject to and pays the sales tax imposed by § 47–2001(n)(1)(C).

D.C.Code § 45–2503(14) (1990). Petitioner argues that this provision is properly construed to mean that a "housing accommodation" does not include any structure in which 60% of the living quarters were used transiently as of May 20, 1980, as evidenced by payment of the sales·tax on that date. In short, petitioner contends that once the structure is found to have been used for transient purposes as of May 20, 1980, it will thereafter be excluded from the Act's coverage, regardless of its subsequent use.

The Commission rejected petitioner's contention, concluding that petitioner's construction of the statutory provision belied the "plain" meaning of the statute. The Commission determined that the definition of a "housing accommodation" excludes two categories of structures from the Act's coverage: (1) "any hotel or inn with a [current] valid certificate of occupancy," and (2) "any structure [currently] used for transient occupancy *and* in which at least 60% of the rooms [currently] devoted to living quarters ... were used for transient occupancy as of May 20, 1980."

 Our review of the Commission's interpretation is, of course, deferential. "[W]e must defer to an agency's interpretation of the statute it administers, as long as that interpretation is reasonable and not plainly wrong or inconsistent with its legis-

lative purpose." *McCulloch v. District of Columbia Rental Housing Commission,* 584 A.2d 1244, 1248 (D.C.1991) (citations omitted); *see also Marshall v. District of Columbia Rental Housing Commission,* 533 A.2d 1271, 1274 (D.C.1987). We conclude that the Commission's interpretation was entirely reasonable. If, as petitioner contends, the only requirement for exclusion under this section is transient use as of May 20, 1980, the prior phrase, "used primarily for transient occupancy," followed by the conjunction "and," would be completely extraneous. As the Commission recognized in its order, it is a "well-established rule of statutory construction that effect must be given, if possible, to every word of a statute so that no part will be inoperative or superfluous...." *Marshall, supra,* 533 A.2d at 1274 (citations omitted).

The Commission concluded that in order to be exempt from the Act, petitioner needed to establish not only transient use as of May 20, 1980, but also current transient use. We agree with the Commission that the language of the statute is clear and unambiguous, and conclude that the Commission has properly given effect to the "plain meaning" of the statute. *See J. Parreco & Son v. District of Columbia Rental Housing Commission,* 567 A.2d 43, 45 (D.C.1989) (when interpreting a statute, the court must first look to the language of the statute; "if the words are clear and unambiguous, we must give effect to its plain meaning") (citations omitted); *see also United States v. Edelen,* 529 A.2d ·774, 778 (D.C.1987) (where language of statute is plain, the sole function of the court is to enforce the statute according to its terms) (citations omitted).

*Affirmed.*